# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STRAND CONSULT, et al.,<br><br>Defendants. | Case No. 24-cv-03454-NW<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; DENYING MOTION TO TRANSFER; GRANTING MOTION TO DISMISS FOR *FORUM NON CONVENIENS*** <br><br>Re: ECF Nos. 88, 92, 91 |

On June 7, 2024, Plaintiffs Yangtze Memory Technologies Company, Ltd., ("YMTC") and Yangtze Memory Technologies, Inc. ("YMT – USA") (collectively, "Plaintiffs") filed a complaint alleging claims for trade libel and violations of Cal. Bus. Prof. Code § 17200 *et seq*. against Defendants Strand Consult and Roslyn Layton. Compl., ECF No. 1. On November 17, 2024, Plaintiffs filed an amended complaint, dropping their state law claims, and instead bringing claims under the Latham Act, 15 U.S.C. § 1125(a), and adding Defendant DCI Group AZ, L.L.C. ("DCI"). Am. Compl., ECF No. 50 ("FAC"). Defendants DCI, Strand Consult, and Roslyn Layton moved to dismiss Plaintiffs' amended complaint. ECF No. 65.

On May 20, 2025, the Court granted Defendants' motion to dismiss based on lack of personal jurisdiction over DCI without leave to amend, and with leave to amend as to personal jurisdiction over Strand Consult and Layton. ECF No. 81 ("May 2025 Order"). The Court permitted Plaintiffs to file a second amended complaint by June 10, 2025, to allege specific facts that establish that Strand Consult and Layton (together, "Defendants") purposefully availed themselves of the forum and that Plaintiffs' claims arise out of Strand Consult and Layton's forum-related activities. *Id*.

1    Plaintiffs have not filed a second amended complaint.  Instead, on May 30, 2025, Plaintiffs
2    requested leave of Court to file a motion for reconsideration, which the Court granted.  ECF
3    No. 83.  Plaintiffs seek reconsideration of the portion of the Court's May 2025 Order dismissing
4    Defendants (Strand Consult and Layton) for lack of personal jurisdiction.  Mot. for
5    Reconsideration, ECF No. 88 ("Mot.").  Plaintiffs do not seek reconsideration of the Court's
6    dismissal of DCI.  Defendants opposed, ECF No. 89, and Plaintiffs filed a reply, ECF No. 90.

On July 21, 2025, Plaintiffs filed a motion to transfer this action to the United States District Court for the District of Columbia.  ECF No. 91.  On July 30, 2025, Defendants Strand Consult and Layton filed a motion to dismiss for *forum non conveniens*.  ECF No. 92.  The parties filed respective oppositions and replies to the motions.  ECF Nos. 93, 94, 95, 97.

The Court found the motions suitable for resolution without oral argument and vacated the hearings set for September 3, 2025.  Civil L.R. 7-1(b); ECF No. 98.  After careful review of the briefing and the relevant law, the Court GRANTS Plaintiff's motion for reconsideration; DENIES Plaintiffs' motion to transfer, and GRANTS Defendants' motion to dismiss for *forum non conveniens*.

## I.   BACKGROUND

This order assumes familiarity with the facts from the Court's May 2025 Order and repeats only facts necessary for the resolution of the motions currently before the Court.

Plaintiffs are "one of the world's leading developers and manufacturers of 3D NAND flash memories."  FAC ¶ 5.  Plaintiff YMTC is headquartered in Wuhan, China, but conducts business globally.  *Id*. ¶ 20.  Plaintiff YMTC – USA is a wholly owned subsidiary of YMTC and is a California corporation with its principal place of business in Santa Clara, California.  *Id*. ¶ 21.

Defendant Strand Consult maintains its principal place of business in Copenhagen, Denmark, and does business as China Tech Threat, a website.  *Id*. ¶ 22.  Defendant Roslyn Layton is Executive Vice President of Strand Consult and a "co-founder" of China Tech Threat.  *Id*. ¶ 23.  Layton is domiciled in Denmark.  May 2025 Order at 10.

## II. DISCUSSION

Before the Court are Plaintiffs' motion for reconsideration and motion to transfer, and Defendants' motion for *forum non conveniens*. All three motions touch on the same underlying question of where the underlying dispute should be heard. Given the pending motions, it is clear that the moving parties prefer their dispute be heard outside of this District. Plaintiffs ask the Court to transfer the case to the District of Columbia (with or without first ruling on the motion for reconsideration), while Defendants ask the Court to dismiss for *forum non conveniens* so this case may proceed in Denmark.

### A. Motion for Reconsideration

Taking the motions in the order they were filed; the Court turns first to Plaintiffs' motion for reconsideration of the May 2025 Order.

A litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration under Civil Local Rule 7-9. *Meas v. City & County of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010); *see also* Fed. R. Civ. P. 54(b). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3). The moving party may not re-argue any written or oral argument previously asserted to the Court, nor should they raise any new arguments not discussed in their original briefs. L.R. 7-9(c); *Garcia v. City of Napa*, No. 13-3886-EDL, 2014 WL 342085 at *1 (N.D. Cal. 2014); *Arakji v. Microchip Tech. Inc.*, No. 19-2936-BLF, 2019 WL 5626265 at *1 (N.D. Cal. 2019). This court has broad discretion to reconsider and revise its prior orders. *See* Fed. R. Civ. P. 54(b).

Plaintiffs contend that reconsideration is appropriate for two reasons: (1) because Defendants forfeited any personal jurisdiction defense, and (2) the "Court addressed and decided personal jurisdiction on its own initiative—despite Strand and Layton's waiver—and without notice or an opportunity for YMTC to be heard." Mot. at 8.

3

After reconsideration, the Court concludes that Strand Consult and Layton waived personal jurisdiction by failing to raise the issue in their motion to dismiss. The Court had considered the totality of Defendants' briefing, where the issue of lack of personal jurisdiction was raised in multiple filings, and the fact that Defendant DCI had moved to dismiss for lack of personal jurisdiction. However, upon further review, the Court agrees with Plaintiffs that the analysis must be limited to whether Defendants explicitly and individually included such grounds in their motion to dismiss, which they did not. *See* Fed. R. Civ. Pro 12(h)(1); *Schnabel v. Lui*, 302 F.3d 1023, 1033 (9th Cir. 2002) (defendant "waived any defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process, by failing to raise the defense in its first motion under Rule 12(b)."). Had Defendants raised such a defense, the Court's reasoning in the May 2025 Order would persist. Because Defendants Strand Consult and Layton did not raise lack of personal jurisdiction as grounds in their motion to dismiss, they have therefore waived the defense. As a result, the Court has personal jurisdiction over Defendants Strand Consult and Layton in this case, in this District.

The Court grants Plaintiffs' motion for reconsideration and vacates the relevant portion of the Court's May 2025 Order.

**B.    Motion to Transfer**

Plaintiffs ask the Court to transfer this case, pursuant to 28 U.S.C. section 1404(a), to the United States District Court for the District of Columbia. Plaintiffs explain that following the Court's May 2025 Order, they filed suit against DCI (with additional defendants) in the District of Columbia,[1] and that the two cases should be consolidated for efficiency.

Even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and

---

[1] *See Yangtze Memory Techs., Inc. v. Micron Tech., Inc.*, No. 1:25-cv-1795 (D.D.C.).

4

expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on a case-by-case basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000). The moving party has the burden of showing that the case could have been brought in the transferee district and that convenience and fairness warrant transfer. *Id.*; *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009).

As a threshold matter, to grant Plaintiffs' motion, the Court must find that this case could have been brought in the District of Columbia, including finding that the District of Columbia has personal jurisdiction over Defendants. *Collins v. JC Penney Life Ins. Co.*, No. C 01-4069-SI, 2002 WL 505931, at *3 (N.D. Cal. Apr. 1, 2002) ("To satisfy the second prong of the test, which requires that the case could have been brought in the transferee court, that court must have personal jurisdiction over the defendant and subject matter jurisdiction over the claim.") (citing *Hoffman v. Blaski,* 363 U.S. 335, 343–344 (1960)). For the same reasons that the Court was troubled by personal jurisdiction over Defendants in this District, the Court finds that Plaintiffs could not have originally brought this case in the District of Columbia.

Three requirements must be met to establish personal jurisdiction over out-of-forum defendants who are not domiciled in any state under Rule 4(k)(2): (1) the claim against the defendant must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction must comport with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006). Here, only the third factor is at issue. *See* May 2025 Order.

Under Rule 4(k)(2), the due process analysis requires the Court to consider contacts with the nation as a whole. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1072 (9th Cir. 2017). Specific jurisdiction exists over Denmark domiciliaries Strand Consult and Layton if (1) they performed some act by which they purposefully directed their activities toward the United States or purposefully availed themselves of the privilege of conducting business in the United States, (2) Plaintiffs' Lanham Act claims arise out of or result from Defendants' United States-related activities, and (3) the exercise of jurisdiction is reasonable. *Ayla, LLC v. Alya Skin Pty.*

5

*Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021).

### 1. Purposeful Availment

"[T]he three elements of purposeful availment in tort cases are: (1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum state." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474 (9th Cir. 1995). Importantly, a plaintiff's connection to a defendant's conduct in the forum should not drive the jurisdictional analysis. *Axiom Foods, Inc.*, 874 F.3d at 1070; *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the forum").

As to the first element, Strand Consult and Layton do not dispute that they operate China Tech Threat and wrote articles published on the China Tech Threat website. Therefore, the intentional act prong is satisfied. *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1233 (N.D. Cal. 2014) (holding that threshold for intentional act is "relatively low").

The second element is contested. As discussed in the May 2025 Order, China Tech Threat is a passive website. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 693 (2024) (mere passive operation of a website is insufficient to demonstrate express aiming). Therefore, Defendants must engage in "'something more,' namely 'conduct directly targeting the forum,'" to establish express aiming. *Adobe Sys. Inc. v. Nwubah*, 2019 WL 6611096, at *6 (N.D. Cal. Dec. 5, 2019). "[A] mere web presence is insufficient to establish personal jurisdiction." *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) (holding that defendants' contacts with United States "hardly constitute significant contacts" and declining to exercise Rule 4(k)(2) jurisdiction when defendants made occasional visits to cruise ships and unspecified advertising in various marine publications). While China Tech Threat: is intended to educate a United States audience with content in English; uses content delivery networks in the United States; and is hosted on a ".com" site, courts have found that such connections are too insignificant to hale foreign Defendants into court in the United States. *Axiom Foods, Inc.*, 874 F.3d at 1072 (declining to exercise Rule 4(k)(2) jurisdiction when defendants' newsletter had "[a]t least 70 recipients with companies in the United States" and plaintiffs had "fail[ed] to explain the relationship between the 70 recipients and their respective

6

companies."); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002) (holding that a defendant should not be haled into court as a result of "random," "fortuitous," or "attenuated" contacts and declining to exercise Rule 4(k)(2) jurisdiction when the defendant had made seven individual shipments to the East Coast).

The location of content delivery networks that China Tech Threat uses is likewise not sufficient to establish personal jurisdiction. *See Hungerstation LLC v. Fast Choice LLC*, 2020 WL 137160, at *1 (N.D. Cal. Jan 13, 2020) (holding that Saudi Arabia-based defendants that used "their then-valid [software] credentials to wrongfully access, copy, and steal . . . repositories of copyrighted and proprietary source code" were not subject to personal jurisdiction because otherwise, if the party hosts its data with a Silicon Valley company, the Northern District of California would always have jurisdiction); *Republic of Kazakhstan v. Ketebaev*, 2017 WL 6539897, at *7 (N.D. Cal. Dec. 21, 2017) ("The mere fact that Google—the company that owns the servers—is headquartered in California is not enough to establish that Khrapunov, a Kazakh citizen who resides in Switzerland, expressly aimed his alleged conduct at California."). Defendants' administration of a passive website without "something more" is not enough to hale them into court in this forum.

As to the third element, for jurisdictional purposes, a corporation incurs economic loss in the forum of its principal place of business. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). Because YMTC is based in China, it is not foreseeable that YMTC's harm would be felt in the United States. While, by the same logic, it would be foreseeable that YMT – USA's losses would be felt in the United States, Plaintiffs have not alleged facts showing harm specifically to YMT – USA. Plaintiffs' allegations are focused on allegedly "false and misleading statements" that "were intended to exploit xenophobic anxieties and prejudice against YMTC." FAC ¶ 64. Therefore, it was not foreseeable that Defendants would cause the harms that allegedly were incurred by YMTC in the United States.

Although Plaintiffs satisfied the first prong ("intentional act") of the purposeful availment test, Plaintiffs did not satisfy the second and third prongs: "aimed at the forum state"; and "causing

7

1  harm that the defendant should have anticipated would be suffered in the forum state." *Ziegler*, 64
2  F.3d at 474.

### 2. Arising Out of United States Related Activities and Reasonableness of Exercising Jurisdiction

Plaintiffs' failure to establish the purposeful availment element of the motion to transfer test dooms any potential transfer out of this District. But even assuming Plaintiffs could allege the first element, it fails on the remaining two as well. "The second requirement of the specific jurisdiction test is that the claims arise out of the defendants' forum-related activities." *Ziegler*, 64 F.3d at 474. Specific jurisdiction requires a relationship between the forum and the claim. *Holland Am. Line*, 485 F.3d at 460.

Importantly, here, the relationship between Plaintiffs' claims and the United States is tenuous. Plaintiffs' claims concern allegations of a "widespread and coordinated campaign of false and misleading commercial advertising and promotion specifically targeting YMTC and its 3D NAND flash memory products." FAC ¶ 62. These are alleged harms to YMTC, which is based in China. Plaintiffs do not connect the harms to YMT – USA or to the United States. *Walden*, 571 U.S. at 285 (the connection to the forum state must be analyzed with regard "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."). The Court finds that Plaintiffs' claims do not arise out of Defendants' forum-related activities.

Nor is there a "'compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802. The underlying questions before the Court in assessing the parties' various motions is what forum is most appropriate for resolving this dispute, and whether it would be reasonable for United States courts to exercise jurisdiction over Denmark defendants for harms allegedly incurred by a Chinese company and its wholly owned U.S. subsidiary. Even on its face, adjudicating this dispute in the District of Columbia is not reasonable.

The Court finds that this case could not have been brought in the District of Columbia, because, without more, the District of Columbia would not have personal jurisdiction over Defendants for this particular dispute (absent waiver or other particular circumstances). Accordingly, the Court denies the motion to transfer.

8

1  **C.     Motion to Dismiss for *Forum Non Conveniens***

Finally, Defendants move to dismiss this case for *forum non conveniens* and argue that Denmark is a more convenient forum. *See Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 766 (N.D. Cal. 2004) ("[A] motion to dismiss on forum non conveniens grounds is not a motion to dismiss for improper venue under Rule 12(b)(3) and is therefore not subject to waiver under Rule 12(h).").

In general, "[a] district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504 (1947)). When evaluating whether a foreign forum is more convenient, "defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011).

Here, Plaintiff YMTC is headquartered in Wuhan, China, and Plaintiff YMTC – USA is a wholly owned subsidiary of YMTC and is a California corporation with its principal place of business in Santa Clara, California. FAC ¶¶ 20-21. Therefore, "[w]hen co-plaintiffs are both domestic and foreign, we apply the domestic plaintiff standard, and the presence of foreign co-plaintiffs does not 'somehow lessen[ ]' the 'strong presumption in favor of the domestic plaintiff's choice of forum.'" *Dada v. NSO Grp. Techs. Ltd.*, No. 24-2179, 2025 WL 1879527, at *2 (9th Cir. July 8, 2025) (quoting *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1228 (9th Cir. 2009)). Under the domestic plaintiff standard, the "'defendant must satisfy a heavy burden of proof,' such that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Id.* at *2 (quoting *Bos. Telecomms.*, 588 F.3d at 1207).

Once a district court determines that the appropriate forum is located in a foreign country, the court may dismiss the case. *Cheng v. Boeing Co.*, 708 F.2d 1406, 1409 (9th Cir. 1983). "The forum non conveniens determination is committed to the sound discretion of the trial court." *Piper Aircraft*, 454 U.S. at 257.

9

### 1. Adequate Alternate Forum

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225 (9th Cir. 2011) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)).

Here, both Defendants "are clearly amenable to service of process in Denmark." Mot. to Dismiss, 5, ECF No. 92. Defendant "Strand Consult is a Danish company with its principal place of business in Denmark," and Defendant "Layton is a Danish citizen domiciled in Denmark." *Id*. Defendants were served with process in Denmark in this action, clearly indicating that Defendants are amenable to service in their home country. *Id*.

Defendants must show that Denmark could offer Plaintiffs a satisfactory remedy. "A 'dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery,' but an alternate forum offering a 'clearly unsatisfactory' remedy is inadequate." *Carijano*, 643 F.3d at 1225 (quoting *Piper,* 454 U.S. at 250, 254 n. 22). "[T]he requirement that the alternative forum provide 'some remedy' for plaintiff's complained of wrong is 'easy to pass; typically, a forum will be inadequate only where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Carijano*, 643 F.3d at 1225–26 (quoting *Tuazon,* 433 F.3d at 1178). Defendants point to the Danish Marketing Practices Act as an available remedy for Plaintiffs' alleged injuries. Defendants provided via declaration a "copy of an English translation of the Danish Marketing Practices Act issued on May 3, 2017," which is available on the "English-language page of the official website of the Danish Consumer Ombudsman." Decl. of E. Caroline Freeman, ¶ 2, ECF No. 92-1. Without exhaustively analyzing the Danish Marketing Practices Act, the Court finds that Danish law will provide "some remedy" to address Plaintiffs' alleged injuries, as it regulates "misleading actions" and "misleading omissions" (which includes "covert advertising") and offers "legal remedies" such as "orders . . . as may be considered necessary to ensure compliance," "restitution," and "damages." *Id*. (Danish Marketing Practices Act, §§ 5, 6, 24).

Moreover, Defendants "represent their willingness to waive in the Danish courts any

statute of limitations defense that matured after the filing of this action on June 7, 2024." Reply iso Mot. to Dismiss, 5, ECF No. 97.  While a motion to dismiss based on *forum non conveniens* would not be appropriate if the statute of limitations had expired in Denmark, based on Defendants' assurances to waive a statute of limitations defense, the Court conditions its grant of dismissal on Defendants' waiver of any statute of limitations defenses from June 7, 2024, forward, and Defendants' agreement to accept service.  *See Carijano*, 643 F.3d at 1235.

### 2. Private Interest Factors

The private interest factors relevant to a *forum non conveniens* analysis are: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1211 (9th Cir. 2017) (citation omitted).  While there is a "'strong presumption in favor of the domestic plaintiff's choice of forum" notwithstanding that there is a domestic and foreign plaintiff, *see Dada*, 2025 WL 1879527 at *2, the Court notes that there is a strained connection between YMTC – USA, the domestic plaintiff, and the alleged harms.

The first and second factors are related.  The residence of the parties and witnesses and the forum's convenience to the litigants leans in favor of Defendants.  Defendants are domiciled in Denmark, YMTC is based in China, and YMTC – USA is based in this District.  It is at least equally easy for YMTC to travel to Denmark, with major international airports, as it would be to this District.  Defendants are also likely to be key witnesses.  It would be burdensome for Defendants to travel.  The Court recognizes that it would also be burdensome for YMTC – USA to go to Denmark (as it would be for Defendants to come to the U.S.) but, it would not necessarily change the burden on YMTC, whose representatives will need to travel regardless.

As to the third factor, a significant portion of the relevant evidence is likely located in Denmark because Defendants worked on company-owned computers, and those computers were located in Denmark.  Defendants' blog posts, which they wrote while in Denmark, are at the core

11

of Plaintiffs' case. For any evidence located in the United States, Plaintiffs may utilize 28 U.S.C. § 1782, which allows for discovery in the United States in aid of foreign proceedings. YMTC, as a Chinese company, will need to respond to foreign requests for production regardless of the forum.

For the fourth factor, the Court has not been presented with any information that indicates that there will be any unwilling witnesses. For the fifth and seventh factors, litigation in this forum poses a substantial burden on the Denmark domiciled Defendants, who are also likely the primary witnesses and primary holders of relevant evidence. The cost of bringing witnesses to trial and other practical challenges weighs in favor of this case proceeding in Denmark.

Finally, as to the sixth factor, the Court sees no reason why a judgment from a Danish court would not be enforceable against Denmark domiciliaries and citizens. Defendants acknowledge that their livelihoods are in Denmark, and if Plaintiffs succeed in their action, they would be able to recover in Denmark. Conversely, Plaintiffs may not be as easily capable of enforcing a judgment in the United States against Denmark domiciliaries who do not own property in the United States.

Taken together, the private interest factors strongly weigh in favor of dismissal.

### 3.     Public Interest Factors

The public interest factors include: (1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum. *Cooper*, 860 F.2d at 1211 (citation omitted). Here the first public interest factor favors Denmark as the forum because Denmark has an interest in regulating the actions of their local corporations and their citizens when those actions were undertaken within Denmark. While the United States has an interest in protecting its companies, YMTC – USA has not demonstrated harms it incurred, as opposed to its Chinese parent company, YMTC.

The second, third, and fourth factors are neutral. Either forum will be equally as familiar with applying their own law (assuming Plaintiffs bring claims under the respective countries' laws). There will be no more burden on this Court or a Danish court to hear the dispute, and any

12

arguments about congestion would be speculative.

Finally, the fifth factor weighs strongly in favor of Denmark. As explained above, Defendants are based in Denmark, a significant portion of the relevant evidence is based in Denmark, and the key witnesses are based in Denmark. There would be significant costs associated with resolving a dispute in this District that primarily concerns actions undertaken in Denmark by Denmark domiciliaries.

Both the private and public factors favor proceeding in Denmark. While the Court recognizes the deference owed to domestic Plaintiff YMTC – USA's choice of forum, the convenience of the parties and witnesses and access to evidence (among other factors) outweighs YMTC – USA's choice. Simply, Plaintiffs' case centers around alleged actions by Denmark domiciliaries, conducted in Denmark, on computers owned by a Danish company. The Court finds that Defendants have met their burden of showing that Denmark is a more convenient forum.

### III. CONCLUSION

The Court GRANTS Plaintiffs' motion for reconsideration, and finds that Defendants have acceded to personal jurisdiction in this case. The Court DENIES Plaintiffs' motion to transfer.

The Court GRANTS Defendants' motion to dismiss for *forum non conveniens* on the conditions that Defendants accept service in Denmark and waive any statute of limitations defenses.

**IT IS SO ORDERED.**

Dated: September 12, 2025

Noël Wise
United States District Judge

13