# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

YANGTZE MEMORY TECHNOLOGIES CO.,
LTD., et al.,

                    Plaintiffs,

v.

STRAND CONSULT APS, et al.,

                    Defendants.

No. 25-cv-3554-CJN

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants Strand Consult ApS and Dr. Roslyn Layton, through counsel, hereby move for sanctions against Plaintiffs and Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent authority. The grounds for the motion are explained in the accompanying memorandum of law.

In compliance with Rule 11(c)(2), Defendants' counsel served this motion and accompanying memorandum of law upon Plaintiffs' counsel on December 12, 2025, via e-mail and at the physical address on file with the Court. In accordance with Local Civil Rule 7(m), the parties conferred regarding this motion on January 8, 2026 and January 13, 2026. Plaintiffs oppose this motion.

Respectfully submitted,

*/s/ Michael L. Resch*
Michael L. Resch (D.C. Bar #481402)
*mresch@kslaw.com*
KING & SPALDING LLP

1

50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Dale Giali (D.C. Bar #436514)
*dgiali@kslaw.com*
Lena T. Colin (*pro hac vice application forthcoming*)
*lcolin@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

January 15, 2026

Attorneys for Defendants
Strand Consult ApS and Roslyn Layton

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES CO., LTD., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>STRAND CONSULT APS, et al.,<br><br>        Defendants. | |

No. 25-cv-3554-CJN

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SANCTIONS

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY .............................................3

      A.    YMTC's Shifting Legal Strategy.................................................................3

      B.    YMTC Asks the California Court to Decide Whether Personal Jurisdiction
            Exists in D.D.C. ......................................................................................6

      C.    Judge Wise Denies YMTC's Motion for Transfer to this Court, Holding
            That Personal Jurisdiction Was Lacking, and Grants Defendants' Motion
            for Dismissal for *Forum Non Conveniens* ...................................................7

      D.    YMTC Brings the Same Claim Against Defendants in this District ...........8

III.  STANDARDS OF LAW ..................................................................................9

IV.   ARGUMENT ..............................................................................................10

      A.    YMTC's and its Counsel's Conduct Is Sanctionable Under Rule 11 ........10

      B.    YMTC's Conduct Is Sanctionable Under the Court's Inherent Power
            Based on YMTC's and its Counsel's Bad Faith ......................................21

      C.    This Court Should Impose Sanctions.......................................................23

V.    CONCLUSION............................................................................................25

# TABLE OF AUTHORITIES

**Cases:**

*AMA Multimedia, LLC v. Madon*,
2:17-cv-03037-GMN-EJY, 2020 WL 5096476 (D. Nev. Aug. 28, 2020)....................................16

*Atkins v. Fischer*,
232 F.R.D. 116 (D.D.C. 2005)..........................................................................................................21

*Canonsburg Gen. Hosp. v. Burwell*,
807 F.3d 295 (D.C. Cir. 2015).........................................................................................................14

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)............................................................................................................................23

*Christian v. Mattel, Inc.*,
286 F.3d 1118 (9th Cir. 2002).........................................................................................................15

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)..........................................................................................................................23

*Cory v. Comm'r of Internal Revenue*,
159 F.2d 391 (3d Cir. 1947).............................................................................................................20

*Danik, Inc. v. Hartmarx Corp.*,
120 F.R.D. 439 (D.D.C. 1988).........................................................................................................20

*Dennis v. R.I. Hosp. Tr. Nat'l Bank*,
744 F.2d 893 (1st Cir. 1984)...........................................................................................................15

*\*Dozier v. Ford Motor Co.*,
702 F.2d 1189 (D.C. Cir. 1983)..............................................................................................13, 20

*Eaton v. Weaver Mfg. Co.*,
582 F.2d 1250 (10th Cir. 1978).......................................................................................................19

*Hall v. Clinton*,
285 F.3d 74 (D.C. Cir. 2002)...........................................................................................................12

*Hickey v. Scott*,
738 F. Supp. 2d 55 (D.D.C. 2010)..................................................................................................24

*Hoult v. Hoult*,
157 F.3d 29 (1st Cir. 1998)..............................................................................................................15

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982) ..................................................................................................11

*Intelsat USA Sales LLC v. Juch-Tech, Inc.*,
10-2095 (RC), 2014 WL 12787643 (D.D.C. Oct. 15, 2014) ....................................23

*\*John Akridge Co. v. Travelers Cos.*,
944 F. Supp. 33 (D.D.C. 1996) ................................................................................22

*Kremer v. Chem. Constr. Corp.*,
456 U.S. 461 (1982) ..................................................................................................16

*Lipsig v. Nat'l Student Mktg. Corp.*,
663 F.2d 178 (D.C. Cir. 1978) ...........................................................................21, 25

*Magnus Elecs., Inc. v. La Republica Argentina*,
830 F.2d 1396 (7th Cir. 1987) ............................................................................ 19-20

*Matosantos Com. Corp. v. Applebee's Int'l, Inc.*,
245 F.3d 1203 (10th Cir. 2001) ...............................................................................14

*\*McLaughlin v. Bradlee*,
602 F. Supp. 1412 (D.D.C. 1985), *aff'd*, 803 F.2d 1197 (D.C. Cir. 1986) ...................10

*Meng v. Schwartz*,
305 F. Supp. 2d 49 (D.D.C. 2004) ...........................................................................16

*Moses v. Howard Univ. Hosp.*,
606 F.3d 789 (D.C. Cir. 2010) ..................................................................................18

*In re Nat'l Student Mktg. Litig.*,
78 F.R.D. 726 (D.D.C. 1978) ....................................................................................24

*\*Nat'l Ass'n of Home Builders v. EPA*,
786 F.3d 34 (D.C. Cir. 2015) .............................................................................11, 13

*New Hampshire v. Maine*,
532 U.S. 742 (2001) ..................................................................................................10

*Otherson v. Dep't of Justice*,
711 F.2d 267 (D.C. Cir. 1983) ...........................................................................11, 14

*\*Pace v. Cirrus Design Corp.*,
3:22-cv-685-KHJ-MTP, 2025 WL 819006 (S.D. Miss. March 13, 2025)..............16, 17

*Paulo v. Holder*,
669 F.3d 911 (9th Cir. 2011) ...................................................................................13

*Reed v. Allen*,
286 U.S. 191 (1932) .................................................................................................14

*Shepherd v. Am. Broadcasting Cos., Inc.*,
62 F.3d 1469 (D.C. Cir. 1995) ...............................................................................10

*Simmons v. Small Bus. Admin.*,
475 F.3d 1372 (Fed. Cir. 2007) ..............................................................................20

*Son Ly v. Solin, Inc.*,
910 F. Supp. 2d 22 (D.D.C. 2012) ..........................................................................15

*Spence v. TRW, Inc.*,
92 F.3d 380 (6th Cir. 1996) ....................................................................................16

*Thibeault v. Square D Co.*,
960 F.2d 239 (1st Cir.1992)....................................................................................21

*United States ex rel. Odish*,
843 F. App'x 748 (6th Cir. 2021) ...........................................................................24

*United States v. Wallace*,
964 F.2d 1214 (D.C. Cir. 1992) ..............................................................................10

*US Dominion, Inc. v. MyPillow, Inc.*,
1:21-cv-445-CJN, 2022 WL 1597420 (D.D.C. May 19, 2022)................................25

*Valdez v. Kreso, Inc.*,
144 F. Supp. 2d 663 (N.D. Tex. 2001) ...............................................................17, 20

*Washington Bancorporation v. Said*,
812 F. Supp. 1256 (D.D.C. 1993) .........................................................................9, 10

*Weisman v. Rivlin*,
598 F. Supp. 724 (D.D.C. 1984)..............................................................................15

*Westmoreland v. CBS, Inc.*,
770 F.2d 1168 (D.C. Cir. 1985)............................................................................9, 23

*Yamaha Corp. of Am. v. United States*,
961 F.2d 245 (D.C. Cir. 1992) ...........................................................................13, 19

*YMTC v. Micron Tech., Inc. et al.*,
No. 25-cv-1795-CJN (D.D.C., filed June 7, 2025) ..................................................1, 6

*YMTC v. Strand Consult et al.*,
No. 5:24-cv-3454-NW (N.D. Cal.) ........................................................................1, 3

*Zip Dee, Inc. v. Dometic Corp.*,
905 F. Supp. 535 (N.D. Ill. 1995) ..............................................................................13

**Other Authorities:**

Cal. Civ. Proc. Code § 425.16 .....................................................................................5
Fed. R. App. Proc. 4(a)(1)(A) ......................................................................................8
Fed. R. Civ. P. 4(k)(2)..........................................................................3, 5, 6, 15, 17, 18
Fed. R. Civ. P. 11 .......................................................................................... *passim*
Fed. R. Civ. P. 12 ........................................................................................................5
Fed. R. Civ. P. 81(d)(2)...............................................................................................18
87 Fed. Reg. 77505, 77506 (Dec. 19, 2022) .................................................................2
James Moore, Jo Lucas, & Thomas Currier, 1B Moore's Federal Practice (1988).......13
Restatement (Second) of Judgments § 28 ...................................................................14

## **INDEX OF EXHIBITS**

**EXHIBIT A:** Order Granting Defendants' Motion to Dismiss, *YMTC et al. v. Strand Consult et al*., No. 5:24-cv-3454-NW (N.D. Cal. May 20, 2025) Dkt. 81.

**EXHIBIT B:** Order Granting Motion for Reconsideration; Denying Motion to Transfer; Granting Motion to Dismiss for *Forum Non Conveniens*, *YMTC et al. v. Strand Consult et al*., No. 5:24-cv-3454-NW (N.D. Cal. Sept. 12, 2025), Dkt. 99.

**EXHIBIT C:** Judgment of Dismissal, *YMTC et al. v. Strand Consult et al*., No. 5:24-cv-3454-NW (N.D. Cal. Oct. 2, 2025), Dkt. 105.

I.    <u>**INTRODUCTION**</u>

This motion follows a series of procedural maneuvers that plainly violate issue preclusion and judicial estoppel principles. Therefore, sanctions are fully warranted against Plaintiffs and their counsel.

- On June 7, 2024, Plaintiffs filed an action against Defendants in the Northern District of California that was materially identical to the claims in this case. *YMTC et al. v. Strand Consult et al.*, No. 5:24-cv-3454-NW (N.D. Cal.) (the "California Action").

- The California court (Hon. Noël Wise) dismissed that action for lack of personal jurisdiction, but did so with leave to amend.

- Plaintiffs did not amend. Rather, they sought reconsideration of the personal jurisdiction ruling and, simultaneously, sought transfer to this Court where they had recently filed a case, now related to this case, against two other defendants on the same alleged underlying record (*YMTC et al. v. Micron Technology, Inc. et al.*, No. 1:25-cv-1795-CJN (D.D.C. filed June 7, 2025)).

- As a material aspect of ruling on Plaintiffs' transfer motion, Judge Wise was required to re-assess and re-decide—and the parties fully briefed—personal jurisdiction issues, including specifically whether there was personal jurisdiction over Defendants in this District.

- Significantly, Judge Wise ruled that this Court did *not* have personal jurisdiction over Defendants on these claims.

- In that same Order, Judge Wise granted Defendants' motion to dismiss the California Action on grounds of *forum non conveniens*, finding that Denmark, if any, was an appropriate forum for the dispute.

- On October 2, 2025, Judge Wise entered a judgment of dismissal in the California Action and closed the court's file in the matter.

- At that point, Plaintiffs' options were to (i) appeal Judge Wise's decision (the denial of a transfer to D.D.C., the grant of *forum non conveniens*, or both), (ii) proceed in Denmark, or (iii) discontinue their claims against Defendants.

- Plaintiffs did none of those. Instead, on October 3, 2025, *one day after Judge Wise entered judgment in the California Action*, Plaintiffs filed this lawsuit—a collateral action in a sister federal court asserting the **same claim** against the **same parties** based on the **same record**.

Plaintiffs are (1) a Chinese semiconductor manufacturer that the United States Department of Defense has repeatedly identified as a Chinese military company operating in the United States and the Department of Commerce has placed on a sanctions list for risk of "activities contrary to the national security and foreign policy interests of the United States" and (2) its wholly owned California subsidiary (together, "YMTC").[1] From the beginning, Defendants—Strand Consult (a Danish consulting company) and Dr. Layton, its Executive Vice President (a dual United States-Danish citizen domiciled in Denmark)—have explained that the claims asserted in California and

---

[1] *See* Department of Defense, Entities Identified as Chinese Military Companies Operating in the United States (Jan. 31, 2024); Department of Defense, Entities Identified as Chinese Military Companies Operating in the United States (Jan. 7, 2025); Department of Commerce, Additions and Revisions to the Entity List and Conforming Removal From the Unverified List, 87 Fed. Reg. 77505, 77506 (Dec. 19, 2022). Plaintiff Yangtze Memory Technologies Company, Ltd. is the Chinese entity. Plaintiff Yangtze Memory Technologies, Inc. is its wholly owned California subsidiary. *See* Compl. ¶¶ 20–21.

now in this Court are a meritless attempt to intimidate and silence critics of YMTC and the Chinese government.

YMTC's latest ploy—this action—is more of the same. This lawsuit is clearly precluded by Judge Wise's determination that federal courts lack personal jurisdiction in the United States—including specifically in this District—over Defendants on these claims. It is also clear that YMTC is judicially estopped from asserting, as it does now, arguments for specific personal jurisdiction that contradict its prior reliance in the California Action on Fed. R. Civ. P. 4(k)(2) for personal jurisdiction. The context of this case makes clear that YMTC's and its counsel's pursuit of this litigation, by filing and refusing to dismiss this action, is for an improper purpose and in bad faith. Accordingly, this Court should levy sanctions against YMTC and its counsel based on Fed. R. Civ. P. 11 and the Court's inherent authority to deter such abuses.

## II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

This is YMTC's second lawsuit (and third complaint)—so far—against Defendants based on the same underlying facts. The procedural history of the initial California Action, which led to YMTC filing this lawsuit, provides the necessary context for this motion and to understand the egregious and sanctionable nature of YMTC's and its counsel's conduct in this Court.

### A.    YMTC's Shifting Legal Strategy

YMTC's attacks on Defendants Strand Consult ApS ("Strand Consult") and Roslyn Layton began a year and a half ago on the opposite side of the country. In June 2024, YMTC sued Defendants in the Northern District of California, alleging subject-matter jurisdiction based on diversity of citizenship and bringing claims under California law for trade libel and unfair competition. *See YMTC v. Strand Consult et al*., No. 5:24-cv-3454-NW (N.D. Cal.) ("Cal. Action"), Dkt. 1 ("Cal. Compl.") ¶¶ 18, 38–55. As part of its jurisdictional allegations, YMTC

alleged, upon information and belief, that Layton resided and owned a home in Florida. *Id.* at ¶ 12. YMTC alleged and argued that the California court had personal jurisdiction over Defendants based on alleged contacts with California. *See* Cal. Action, Dkt. 37 at 2. YMTC was represented at that time by different counsel. Cal. Compl. at 1, 16.

A few months later, the House of Representatives' Select Committee on the Strategic Competition Between the United States and the Chinese Communist Party ("CCP") held a hearing titled "How the CCP Uses the Law to Silence Critics and Enforce its Rule." Sept. 19, 2024; transcript ("Tr.") available at https://tinyurl.com/2x9pf23x. As members of the Committee explained, there was "an alarming trend": "[r]esearchers, business owners, and academics who expose the truth about a Chinese company ... have suddenly found themselves slapped with frivolous lawsuits" designed to intimidate critics into silence, abuse the United States judicial process, and extract sensitive information from defendants while shielding their own information under Chinese law. *Id.* at 2–6 (Statement of J. Moolenaar, Chairman; Statement of R. Krishnamoorthi). One witness testified that YMTC's lawsuit against Dr. Layton was part of that pattern and explicitly criticized YMTC's then-counsel. *Id.* at 12 (Statement of J. Jaffer). Roughly two weeks after that congressional hearing, YMTC replaced its then-counsel with present counsel, Quinn Emanuel Urquhart & Sullivan, LLP. Cal. Action, Dkt. 19, 23.

Defendants' counsel conferred with YMTC's counsel and informed them that subject-matter jurisdiction was lacking (*i.e.*, no diversity jurisdiction) because Dr. Layton is not domiciled in Florida, as YMTC's complaint mistakenly alleged, but rather in Denmark. *See* Cal. Action, Dkt. 37 at 3.[2]

---

[2] Dr. Layton is a dual citizen of the United States and Denmark. *See* Cal. Action, Dkt. 65-5 ¶ 3 (Dr. Layton's sworn declaration in support of motion to dismiss the California Action).

Defendants also informed YMTC and the California court of their intention to file (1) a motion to strike under California's anti-SLAPP law, Cal. Civ. Proc. Code § 425.16, (2) a motion to dismiss under Fed. R. Civ. P. 12 for lack of subject-matter jurisdiction and lack of personal jurisdiction, and (3) a motion to stay discovery pending the resolution of those motions. Cal. Action, Dkt. 37 at 7. But shortly after Defendants moved to stay discovery, YMTC filed a first amended complaint abandoning its state-law claims entirely in favor of an ill-fitting Lanham Act claim (to avoid the inconvenient lack of diversity jurisdiction) and proceeded on a purported federal claim under federal question subject-matter jurisdiction. Cal. Action, Dkt. 39, 50. Moreover, and as YMTC all but conceded in its opposition to Defendants' motion to stay, its decision to abandon its state-law claims was specifically to "moot[] … Defendants' anti-SLAPP motion," Cal. Action, Dkt. 46 at 1, for which California law provides that a prevailing defendant is entitled to an award of fees and costs. *See* Cal. Civ. Proc. Code § 425.16(c).

In its amended complaint, YMTC claimed subject-matter jurisdiction on the basis of a federal question and asserted that the California court had personal jurisdiction over both defendants under Fed. R. Civ. P. 4(k)(2), which applies only to defendants who are not subject to personal jurisdiction in *any* state court of general jurisdiction. *See* Cal. Action, Dkt. 46 at 5, 7–8. YMTC's first amended complaint also added a new defendant, DCI Group A.Z., LLC ("DCI Group"). *See* Cal. Action, Dkt. 50.

The California court granted Defendants' motion to stay discovery. Cal. Action, Dkt. 59. On May 20, 2025, the California court dismissed YMTC's first amended complaint, holding that it lacked personal jurisdiction over each of the three defendants. Ex. A, Cal. Action, Dkt. 81. The California court denied leave to amend as to DCI Group but granted leave to amend as to Strand Consult and Dr. Layton. *Id.* at 16.

YMTC then sued DCI Group along with another new defendant in the District Court for the District Court of Columbia. *See YMTC v. Micron Tech., Inc. et al.*, No. 25-cv-1795-CJN (D.D.C., filed June 7, 2025).

**B.    YMTC Asks the California Court to Decide Whether Personal Jurisdiction Exists in D.D.C.**

YMTC could have voluntarily dismissed the action against Strand Consult and Dr. Layton in California. Alternatively, it could have taken advantage of the California court's grant of leave to file another amended complaint against Defendants. It did neither. Instead, YMTC requested reconsideration of the dismissal as to Dr. Layton and Strand Consult. Cal. Action, Dkt. 83, 88. Significantly, and in addition to seeking reconsideration, in July 2025, YMTC filed a motion in the California Action to transfer the case to this District. Cal. Action, Dkt. 91. As YMTC acknowledged, that motion required the California court to decide, *inter alia*, "[w]hether [the California Action] might have been brought in the United States District Court for the District of Columbia" as well as whether transfer would promote the interest of justice. *Id.* at 2–3. YMTC argued that it could have brought the California Action in this District because, it claimed, Defendants were subject to personal jurisdiction anywhere in the United States pursuant to Rule 4(k)(2). *Id.* at 6–11. It also argued that Defendants had "consented to jurisdiction." *Id.* at 6.

Defendants opposed YMTC's motion for reconsideration and its motion for transfer. Cal. Action, Dkt. 89, 93. Defendants argued that this Court would not have had personal jurisdiction over Defendants when the California Action was filed, both because Defendants do not have minimum contacts with the United States and because the exercise of personal jurisdiction over

Defendants would be unreasonable. Cal. Action, Dkt. 93 at 2–5. In addition, Defendants filed a motion to dismiss on *forum non conveniens* grounds. Cal. Action, Dkt. 92.[3]

### C. Judge Wise Denies YMTC's Motion for Transfer to this Court, Holding That Personal Jurisdiction Was Lacking, and Grants Defendants' Motion for Dismissal for *Forum Non Conveniens*

On September 12, 2025, Judge Wise granted YMTC's motion for reconsideration, denied YMTC's motion for transfer, and granted Defendants' motion for dismissal. Ex. B, Cal. Action, Dkt. 99.

Regarding the motion for transfer in which both sides, and the California court, joined on the issue of whether jurisdiction over Defendants existed in the District of Columbia, the California court (correctly) ruled that it was YMTC's burden to prove, as a threshold matter, "that this case could have been brought in the District of Columbia, including … that the District of Columbia has personal jurisdiction over Defendants." Ex. B at 5.

As to that issue—which was fully litigated and was material to the court's consideration in the California Action and is material to this motion—Judge Wise ruled against YMTC and in favor of Defendants: "***Plaintiffs could not have originally brought this case in the District of Columbia.***" *Id.* (emphasis added). In particular, the California court held that Defendants' contacts were "too insignificant to hale foreign Defendants into court in the United States" and that YMTC failed to adequately allege that Defendants caused harm that Defendants should have anticipated would be suffered in the United States. *Id.* at 6–8. The California court additionally held that

---

[3] In their opposition to Defendants' *forum non conveniens* motion, YMTC inexplicably relied on the allegation that Dr. Layton owns a home in Florida, which YMTC had abandoned in its amended complaint because the claim had already been disproved by uncontroverted evidence. *Compare* Cal. Action, Dkt. 1 ¶ 12 (initial complaint; "owns") *with* Dkt. 50 ¶ 23 (amended complaint; "resides"). Nevertheless, and even after Dr. Layton declared under penalty of perjury that she "h[as] never owned that house," *id.* Dkt. 55 ¶ 3, YMTC argued to the Court that "Ms. Layton still owns a house in Florida." *Id.* Dkt. 95 at 12; *see also id.* Dkt. 97 at 8 & n.3.

"Plaintiffs' claims do not arise out of Defendants' forum-related activities" and that "[e]ven on its face, adjudicating this dispute in the District of Columbia is not reasonable." *Id.* at 8.

As to Defendants' *forum non conveniens* motion to dismiss, the California court held that Denmark was an adequate alternate forum and that the private- and public-interest factors favored proceedings in Denmark rather than the United States. *Id.* at 9–13. Accordingly, the California court granted Defendants' motion to dismiss on *forum non conveniens* grounds (with conditions related to the statute of limitations and Defendants' acceptance of process in Denmark). *Id.* at 11, 13. Defendants filed notice of their consent to the conditions for dismissal. Cal. Action, Dkt. 101. On October 2, 2025, Judge Wise entered judgment dismissing the California Action as to all Defendants. Ex. C, Cal. Action, Dkt. 105.

YMTC did not appeal the California judgment and the time to do so expired on November 3, 2025. *See* Fed. R. App. Proc. 4(a)(1)(A).

### D.    YMTC Brings the Same Claim Against Defendants in this District

On October 3, 2025, the day after Judge Wise entered judgment, YMTC filed this action against Defendants in this District. Dkt. 1. This complaint—the third that YMTC has filed against these Defendants—asserts the same (meritless) Lanham Act claim that YMTC brought in the California Action.[4] YMTC's "new" complaint also alleges the same violations—false advertising, product disparagement, and unfair competition—based on the same five statements by Defendants. *Compare* Dkt. 1 ("Compl.") ¶¶ 64–76, *with* Cal. Action, Dkt. 50 ¶¶ 61–72.

---

[4] Multiple grounds exist for the dismissal of this action. Defendants do not assert that such other grounds, detailed in Defendants' motion to dismiss (filed contemporaneously herewith), are themselves grounds for sanctions. However, the sanctionable conduct described herein has directly caused Defendants to incur the costs of preparing that separate motion.

While YMTC's complaint in this action references some of the procedural history of the California Action, it does not mention Judge Wise's denial of YMTC's motion to transfer to this Court finding there was no personal jurisdiction over Defendants in this Court. *See, e.g.*, Compl. ¶ 29.

### III.    STANDARDS OF LAW

Fed. R. Civ. P. 11 provides that an attorney presenting a pleading certifies that it is presented in good faith and after reasonable inquiry:

> By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) [i]t is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> >
> > (2) [t]he claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law ….

"The test under Rule 11 is an objective one: that is, whether a reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Washington Bancorporation v. Said*, 812 F. Supp. 1256, 1275 (D.D.C. 1993). "[O]nce the court finds that" an attorney has violated his obligations under Rule 11, "Rule 11 *requires* that sanctions of some sort be imposed." *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174–75 (D.C. Cir. 1985) (emphasis in original).

In addition to powers under Rule 11, district courts have the inherent power "to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find

necessary, including even dismissals and default judgments." *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995). A finding of bad faith is required to support sanctions under the Court's inherent powers. *United States v. Wallace*, 964 F.2d 1214, 1219 (D.C. Cir. 1992).

## IV.    ARGUMENT

### A.    YMTC's and its Counsel's Conduct Is Sanctionable Under Rule 11

YMTC's complaint does not satisfy the requirements of Rule 11. *First*, YMTC's claim for relief and its legal contentions in support of personal jurisdiction are not warranted by existing law or any nonfrivolous legal argument because they are clearly precluded by Judge Wise's binding holding in the California Action. Fed. R. Civ. P. 11(b)(2). *Second*, because this suit plainly must be dismissed for lack of personal jurisdiction, this suit is being presented for an improper purpose. Fed. R. Civ. P. 11(b)(1). Thus, the Court should impose sanctions.

#### 1.    YMTC's Complaint Is Not Warranted By Existing Law or Any Non-Frivolous Argument Because Judge Wise's Holding Precludes This Action.

YMTC's new complaint is sanctionable under Rule 11(b)(2) because the complaint is unambiguously precluded by Judge Wise's prior personal jurisdiction holding through the doctrine of issue preclusion, which bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). A "reasonable inquiry would have revealed that there was no basis in law or fact for the asserted claim." *Washington Bancorporation*, 812 F. Supp. at 1275. YMTC's counsel, who are experienced litigators, could have easily discovered the preclusive effect of the California order with reasonable effort. That they failed to do so—or, perhaps, filed the complaint despite knowing the law—plainly violates Rule 11. *See, e.g.*, *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985) ("It is especially appropriate to impose sanctions

in situations where the doctrine[] of … collateral estoppel plainly preclude[s] relitigation …"), *aff'd*, 803 F.2d 1197 (D.C. Cir. 1986).

### a) YMTC's Complaint is Clearly Precluded by Judge Wise's Decision.

It is well-established that issue preclusion applies to jurisdictional determinations such as the one at issue here. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982); *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015). Issue preclusion has three elements: (1) the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court"; (2) the issue was "actually and necessarily determined by a court of competent jurisdiction"; and (3) preclusion "must not work an unfairness," such as if the party to be bound "lacked an incentive to litigate" in the first proceeding. *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (cleaned up). All three elements are plainly satisfied here, resulting in preclusive effect in this Court of Judge Wise's holding that there is no personal jurisdiction over Defendants.

*First*, the issue of whether this Court may exercise personal jurisdiction over Defendants was actually litigated in the California Action. As detailed above, YMTC filed a motion in the California Action to transfer that case to this Court. As YMTC expressly acknowledged, that motion required the California court to decide, *inter alia*, "[w]hether [the California Action] might have been brought in the United States District Court for the District of Columbia"—which necessarily encompassed the inquiry whether this Court would have had personal jurisdiction over Defendants. Cal. Action, Dkt. 91 at 2. YMTC argued that this Court would have had personal jurisdiction over Defendants for purposes of its Lanham Act claim. *See* Cal. Action, Dkt. 91, 94. Defendants opposed the motion to transfer on the merits, contending that this Court could not exercise personal jurisdiction over them. *Id.* at Dkt. 93.

*Second*, Judge Wise actually and necessarily decided the issue. As Her Honor's order explained, "[t]o grant Plaintiffs' motion [to transfer], the Court [would be required to] find that this case could have been brought in the District of Columbia, including finding that the District of Columbia has personal jurisdiction over Defendants." Ex. B at 5. On that specific point, Judge Wise expressly held "that this case could not have been brought in the District of Columbia because … the District of Columbia would not have personal jurisdiction over Defendants for this particular dispute." *Id.* at 8. On the basis of that holding, Judge Wise denied YMTC's motion to transfer.

YMTC's current arguments for personal jurisdiction over Defendants in D.C. do not somehow allow them to escape the preclusive effect of Judge Wise's Order. In its complaint in this action, YMTC alleges two bases for personal jurisdiction, neither of which save their arguments from issue preclusion. First, YMTC asserts that Defendants "consented by contract to jurisdiction in this District through the Terms of Use governing the China Tech Threat website." Compl. ¶ 25. Second, YMTC asserts that "Defendants are subject to personal jurisdiction in this District under the District of Columbia's long-arm statute," based on Defendants' alleged contacts with this District. *Id.* at ¶ 27.

But the *issue* of whether this Court may exercise personal jurisdiction over Defendants for YMTC's Lanham Act claim has already been fully litigated and conclusively determined. Additional legal arguments, like YMTC's Terms of Use and D.C.-long-arm theories, are not "new issues." *Hall v. Clinton*, 285 F.3d 74, 81 (D.C. Cir. 2002). Although an exception to issue preclusion allows relitigation of a jurisdictional dismissal when "a precondition requisite to the court's proceeding with the original suit was not alleged or proven, and is supplied in the second suit," that exception "is sharply limited … by the requirement that new allegations of a sufficient

precondition requisite identify *occurrences **subsequent** to the original dismissal* that remedy the jurisdictional deficiency." *Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015) (cleaned up) (emphasis in original); *see also Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1192–93 (D.C. Cir. 1983). "That exception permits litigants whose claims were dismissed on jurisdictional grounds to establish jurisdiction in a subsequent case only if a material change *following dismissal* cured the original jurisdictional deficiency." *Id.* at 41 (emphasis added). The "relevant date for purposes of the curable defect exception" is the date of the dismissal of the previous action. *Id.* at 41 n.7.

YMTC's additional legal arguments are not "material changes *following dismissal* [that] cured the original jurisdictional deficiency." *Id.* at 41 (emphasis added).

As the D.C. Circuit has explained,

> [i]f a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.

*Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 258 (D.C. Cir. 1992) (quoting James Moore, Jo Lucas, & Thomas Currier, 1B Moore's Federal Practice ¶ 0.443[2] at 760–61 (1988)) (emphasis in original). "[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case." *Id.* at 254; *see also Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) ("If a party could avoid issue preclusion by finding some argument it failed to raise in the previous litigation, the bar on successive litigation would be seriously undermined."); *Zip Dee, Inc. v. Dometic Corp.*, 905 F. Supp. 535, 537 (N.D. Ill. 1995) ("But with [the defendant's] predecessor having once fought and lost the battle on the [legal issue],

[the defendant] is now barred by issue preclusion from waging that battle again with fresh troops.").

Plainly, YMTC's new legal theories and new factual assertions regarding personal jurisdiction are related to the issue already litigated: whether this Court could have exercised personal jurisdiction over Defendants if YMTC had brought its Lanham Act claim in this Court to begin with.

*Third*, preclusion would not work any unfairness here, where "[t]he predicament in which [YMTC] finds [itself] is of [its] own making," *Reed v. Allen*, 286 U.S. 191, 198 (1932). The D.C. Circuit does not permit an equitable exception to issue preclusion except in sharply "limited circumstances." *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 306 (D.C. Cir. 2015). None of those circumstances—an intervening change in controlling law, a lack of incentive on the part of the party to be bound to litigate in the prior action, or a serious defect in the prior proceedings— exists here. *Id.* Because the doctrine of issue preclusion "aims to avert … disturbance of repose," the correctness of the prior judgment cannot be collaterally attacked in a second action. Even a judgment that was "patently erroneous" (which is not the case here) must still be given preclusive effect where both the party advocating for preclusion and the party to be bound were litigants in the prior action. *Otherson*, 711 F.2d at 273, 277.

And no "compelling showing of unfairness," *id.* at 277 (quoting Restatement (Second) of Judgments § 28, cmt. j), can be made in these circumstances, for YMTC had every incentive to litigate the issue of this Court's personal jurisdiction over Defendants when it invited the California court to decide that issue. *See also Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1212 (10th Cir. 2001) (no unfairness in giving preclusive effect to dismissal for lack of personal jurisdiction).

### b) A Reasonable Inquiry Would Have Revealed the Preclusive Effect of Judge Wise's Decision

YMTC was required to "perform adequate legal research" to "confirm[] whether the theoretical underpinnings of [its] complaint are warranted by existing law…" *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). The complaint here is obviously precluded by Judge Wise's decision, something that YMTC's experienced attorneys—the same attorneys who had just lost on this issue before Judge Wise—surely knew. At a minimum, therefore, a reasonable investigation would have shown the preclusive effect of Judge Wise's Order. *See, e.g.*, *Weisman v. Rivlin*, 598 F. Supp. 724 (D.D.C. 1984) (awarding sanctions where reasonable inquiry would have made lack of jurisdiction apparent); *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d 22, 32 (D.D.C. 2012) (ordering plaintiffs to show cause as to why Rule 11 sanctions should not be issued where "even the most cursory of legal inquiries would have uncovered" the lack of jurisdiction).

Ample precedent makes clear how the general principle that an entire issue is precluded—not only specific arguments—applies to YMTC's current complaint. "[A]n issue may be 'actually' decided for collateral estoppel purposes even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached." *Hoult v. Hoult*, 157 F.3d 29, 32 (1st Cir. 1998) (alteration adopted) (quoting *Dennis v. R.I. Hosp. Tr. Nat'l Bank*, 744 F.2d 893, 899 (1st Cir. 1984)). YMTC's previous legal theory on the issue of personal jurisdiction was that Defendants had sufficient *nationwide* contacts to give rise to personal jurisdiction under Fed. R. Civ. P. 4(k)(2). *See* Cal. Action, Dkt. 46 at 7; *id.* Dkt. 91 at 6–11; *id.* Dkt. 94 at 3–9. Judge Wise's holding that Defendants lacked minimum contacts with the United States as a whole to support personal jurisdiction and specifically finding that YMTC could not

establish personal jurisdiction in this District, Ex. B at 5–8, necessarily also concluded that Defendants lacked sufficient minimum contacts with the District of Columbia.

Moreover, YMTC's new argument for personal jurisdiction under D.C.'s long-arm statute does not allow YMTC to sidestep the California judgment. *Cf. Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 479 (1982) (Prior judgment had preclusive effect where elements of claim under New York law and federal law were "virtually identical." Plaintiff could not succeed in second litigation on federal claim "consistently with the judgment" in prior litigation that claim under New York law was meritless.); *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996) (where previous court's determination extended to "an essential element of" the plaintiff's claims in the second suit, the judgment in the previous suit foreclosed those claims); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 57 (D.D.C. 2004) (where "the doctrine of collateral estoppel bars relitigating of issues that are central to the viability of the counts in the plaintiffs' complaint," each count "must be dismissed"); *AMA Multimedia, LLC v. Madon*, 2:17-cv-03037-GMN-EJY, 2020 WL 5096476, at *4 (D. Nev. Aug. 28, 2020) (holding that collateral-estoppel defense had merit where issue of personal jurisdiction over defendant "implicates the same analysis as" the issue of personal jurisdiction over defendant's business partner because the effects test applied to both individuals in the same way).

Courts have imposed sanctions in comparable circumstances. For example, the District Court for the Southern District of Mississippi recently imposed sanctions against a plaintiff who, after his action in federal court was dismissed for lack of jurisdiction over four out-of-state defendants, filed a second action, now in state court, against those four same defendants (plus others) and improperly attempted to relitigate personal jurisdiction. *Pace v. Cirrus Design Corp.*, 3:22-cv-685-KHJ-MTP, 2025 WL 819006, at *10 (S.D. Miss. March 13, 2025). As that court

found, "elementary legal research on personal jurisdiction would have prevented [the second] suit from being filed against those four defendants." *Id.* The plaintiff's counsel failed in his "duty to reasonably inquire whether a legal basis existed for recontesting personal jurisdiction in a second lawsuit rather than on appeal." *Id.*[5] "Even if" the plaintiff's counsel "believed that the [prior court] ruled incorrectly, he should have understood that issue preclusion would bar him from filing an identical action." *Id.* at *11.

Likewise, the District Court for the Northern District of Texas imposed sanctions where a plaintiff's initial action was dismissed for lack of personal jurisdiction, the plaintiff did not appeal that dismissal, and the plaintiff then filed a second action against the same defendants on the same set of alleged facts. *Valdez v. Kreso, Inc.*, 144 F. Supp. 2d 663, 665–67 (N.D. Tex. 2001). The court held, "the mere bringing and maintenance of [the second] action … violated Rule 11(b)." *Id.* at 665 (capitalization altered). As that court explained, it is "well-accepted and long-established that the test [for issue preclusion] is whether the same nucleus of operative facts exist, not whether a new theory of recovery has been added." *Id.* at 667. Therefore, the plaintiff's attempted defense of his filing of the second action—that the second action alleged a new theory of recovery—was "frivolous." *Id.*

### c) *YMTC's Complaint Is Not Warranted by Existing Law Because It Is Judicially Estopped by Its Prior Reliance on Rule 4(k)(2)*

Separately, the doctrine of judicial estoppel prevents YMTC from asserting its new theories of personal jurisdiction over Defendants because those theories are inconsistent with YMTC's prior persuasion of the California court that Rule 4(k)(2) applied based on Defendants' alleged *nationwide* contacts. Thus, YMTC's conduct similarly warrants sanctions based on judicial

---

[5] In *Pace*, the plaintiff filed his second, duplicative action while his appeal of the dismissal of first action was pending.

estoppel because the claims brought in the Complaint were not "warranted by existing law," Fed. R. Civ. P. 11(b)(2), and this defect could have been discovered through reasonable inquiry.

"There are at least three questions that a court should answer in deciding whether to apply judicial estoppel: (1) Is a party's later position clearly inconsistent with its earlier position? (2) Has the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled? (3) Will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped?" *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 798 (D.C. Cir. 2010).

The answer to each of these questions here is "yes." In the California Action, regarding YMTC's original state-law claims, Defendants raised in the joint case management statement and their motion to stay discovery that the California court lacked personal jurisdiction over them because they did not have minimum contacts with *California*. Cal. Action, Dkt. 37 at 4; *id.* Dkt. 39 at 9–10. In response, YMTC amended its complaint to assert federal law claims for the first time and argued that its amended complaint established personal jurisdiction over Defendants pursuant to Rule 4(k)(2), based on Defendants' alleged *nationwide* contacts. Dkt. 46 at 7. The parties subsequently briefed, and the California court applied, Rule 4(k)(2), which may apply only when the defendant is *not* subject to personal jurisdiction in any state court of general jurisdiction.[6] *See, e.g.*, Ex. A at 4–5, 9–15; Cal. Action, Dkt. 91 at 6–11; *id.* Dkt. 93 at 3–5; *id.* Dkt. 94 at 2–9; Ex. B at 5–8.

---

[6] The term "state" includes the District of Columbia. Fed. R. Civ. P. 81(d)(2).

That the California Action proceeded based on YMTC's theory of nationwide contacts was plainly to YMTC's benefit, as that standard is far more favorable to a plaintiff than an inquiry focused on contacts with only the forum state. The application of Rule 4(k)(2) is also flatly inconsistent with YMTC's new position that Defendants *are* subject to personal jurisdiction in D.C. And permitting YMTC to adopt that new, contrary position now—when its new theories have no conceivable purpose but to attempt to avoid the preclusive effect of the California court's Order—would obviously provide an unfair advantage to YMTC, to Defendants' detriment.

### d) *YMTC's Decision to File a New Complaint Despite the Preclusive Effect of the California Decision Betrays Its Improper Purpose for Litigating This Matter*

YMTC's attempt to spin language from the China Tech Threat website's Terms of Use into a new allegation to support personal jurisdiction is so clearly insufficient to escape the preclusive effect of Judge Wise's prior decision that it borders on frivolous.[7] As YMTC's own exhibit shows, those Terms were last updated in 2019. Dkt. 1-5 at 6. Therefore, there is no reason why YMTC could not have raised its Terms of Use argument earlier and its attempt to do so now is clearly precluded. *See, e.g., Yamaha*, 961 F.2d at 245 ("Preclusion cannot be avoided simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first."); *Eaton v. Weaver Mfg. Co.*, 582 F.2d 1250, 1256–57 (10th Cir. 1978) (state-court dismissal for lack of personal jurisdiction had preclusive effect "as to the theory of jurisdiction based on the franchisor-franchisee relationship [alleged in the second action] even if that were not raised or considered in the state court, since clearly the relationship could have been presented as a basis of jurisdiction" in the state-court action); *Magnus Elecs., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400–01

---

[7] As explained in Defendants' separate motion to dismiss, YMTC's argument based on the Terms of Use fails on its own merits in any event.

(7th Cir. 1987) ("[I]t does not make sense to allow a plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements") (citing *Dozier*, 702 F.3d at 1192); *Cory v. Comm'r of Internal Revenue*, 159 F.2d 391, 392 (3d Cir. 1947) ("the parties are not entitled to have a question considered on its merits a second time merely because they failed to produce all the facts the first time"); *Simmons v. Small Bus. Admin.*, 475 F.3d 1372, 1374–75 (Fed. Cir. 2007) (applying issue preclusion despite plaintiff's assertion of a different ground for invalidity of settlement where plaintiff's evidence for the new asserted ground "was clearly available to her long before she filed her" initial action and plaintiff "has never alleged that she was not aware, or could not have become aware through reasonable efforts," of the basis for her new ground).

As shown above, a reasonable inquiry by YMTC's counsel would have revealed the ample case law showing the preclusive effect of Judge Wise's decision in the California Action. YMTC's counsel are experienced litigators and were not constrained by a deadline to file this action, thus giving them plenty of time to research the factual and legal basis for the complaint. Having failed to do so—or knowingly ignoring the law by filing the Complaint—the only plausible explanation for YMTC's decision was to harass Defendants by driving up their litigation expenses and threatening costly discovery. Such conduct warrants sanctions. *See, e.g.*, *Danik, Inc. v. Hartmarx Corp.*, 120 F.R.D. 439, 443 (D.D.C. 1988) (granting motion for sanctions where there was "nothing to suggest that the paucity of plaintiff's pre-filing inquiry was necessitated by time constraints" and cautioning that Rule 11 "obligates litigants and their counsel to … stop and think before filing a pleading") (cleaned up), *aff'd and remanded on other grounds,* 875 F.2d 890 (D.C. Cir. 1989); *see also Valdez*, 144 F. Supp. 2d at 668 (granting sanctions under Rule 11 where

plaintiff filed successive actions despite knowing "his personal jurisdiction contention was meritless" and finding that "the court must conclude that he did so with an improper purpose" because he "persisted" anyway).

### B.    YMTC's Conduct Is Sanctionable Under the Court's Inherent Power Based on YMTC's and its Counsel's Bad Faith

The totality of the circumstances makes clear that YMTC acted in bad faith and for an improper purpose by filing this duplicative action after the dismissal of the California Action. Sanctions are therefore also appropriate under this Court's inherent power. Under the law of this Circuit, bad faith "does not require that the legal and factual bases for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy or mala fides, the assertion of a colorable claim will not bar the assessment of attorneys' fees against him." *Lipsig v. Nat'l Student Mktg. Corp*., 663 F.2d 178, 182 (D.C. Cir. 1980). *See also Atkins v. Fischer*, 232 F.R.D. 116, 129 (D.D.C. 2005) ("It has long been held that in considering the implementation of sanctions against a party or a counsel to a litigation, a district court may consider all the circumstances surrounding the alleged violation," which "can include events which did not occur in the case proper but occurred in other cases and are, by their nature, relevant to the pending controversy" (quoting *Thibeault v. Square D Co.,* 960 F.2d 239, 246 (1st Cir.1992))).

YMTC's strategic decisions—such as its abandonment of its claims under California state law solely to avoid being subject to an anti-SLAPP motion that, if successful, would have required it to pay Defendants' attorneys' fees and its decision to file this action *without even mentioning* that Judge Wise denied its motion to transfer the California Action to this District because Her Honor held that this Court would have lacked personal jurisdiction over YMTC's Lanham Act claim—evidence that this is lawfare, not good-faith litigation. And the long-running nature of

YMTC's attacks on Defendants further highlights the reasons that YMTC's counsel was obligated to engage in correspondingly thorough prefiling inquiries to comply with its ethical obligations.

YMTC's counsel failed to meet that obligation. Instead, it filed a duplicative second action against Defendants *one day* after the entry of judgment on the preclusive Order of the California court. And it has not even attempted to properly challenge the California court's Order—that is, on appeal. Instead, YMTC hopes to sweep the Order under the rug. Plaintiffs' cursory description of the California proceedings, Compl. ¶ 29, does not mention Plaintiffs' denied motion for transfer to this District or that the parties fully briefed, and Judge Wise fully analyzed and ruled on, personal jurisdiction. The reason for this failure to disclose, of course, is obvious: Judge Wise's holding bars this lawsuit and precludes Plaintiffs from relitigating personal jurisdiction before this Court. YMTC's attempt to sidestep the doctrines of collateral and judicial estoppel by making new arguments and new allegations is not based on any material factual development subsequent to the dismissal of the California Action, but instead is to blatantly serve its own purposes at the expense of both the judicial system and Defendants.

Another court in this District has also imposed sanctions in similar circumstances. In *John Akridge Co. v. Travelers Cos.*, 944 F. Supp. 33 (D.D.C. 1996), the plaintiff's first suit, filed in this district, was dismissed. The plaintiff appealed but, during the pendency of that appeal, "filed a second suit, based on the same underlying set of facts," in Maryland state court. *Id.* at 34. That second suit was removed to federal court and ultimately transferred to this district. The court found that there was "no question that the Plaintiffs filed the instant suit with the specific intent of circumventing this Court's dismissal of its earlier suit," knowing "that once the [second] case made it back to this Court, it would be immediately dismissed." *Id.* Because the plaintiffs acted in bad faith by attempting to improperly circumvent the holding in the prior case, the court sanctioned

the plaintiffs pursuant to its inherent power and ordered the plaintiffs to reimburse the defendant "the full cost of defending" the second action. *Id.*

### C.    This Court Should Impose Sanctions

The Court should impose substantial sanctions on YMTC and its counsel. Rule 11 "is specifically designed to deter groundless litigation tactics and stem needless litigation costs to court and counsel." *Westmoreland*, 770 F.2d at 1179. "Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay," and so "the imposition of … sanctions on abusive litigants is useful to deter such misconduct." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). The Court's inherent power to sanction to protect itself and the judicial system, extends to "a full range of litigation abuses." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991).

Rule 11 directs the Court, when imposing sanctions, to limit them "to what suffices to deter repetition of the conduct or comparable conduct by other similarly situated." Fed. R. Civ. P. 11(c)(4). The Rule specifically contemplates that "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation" may be warranted. *Id.* "[N]onmonetary directives" may also be appropriate. *Id.*

Defendants respectfully submit that the appropriate sanctions for YMTC's and its counsel's misconduct and violation of Rule 11(b)(1) and (b)(2) include the following:

- Payment of all costs and fees incurred by Defendants in this matter, including this motion for sanctions. *See, e.g.*, *Intelsat USA Sales LLC v. Juch-Tech, Inc.*, 10-2095 (RC), 2014 WL 12787643, at *8 (D.D.C. Oct. 15, 2014) ("Courts in this district have long recognized that monetary sanctions under Rule 11(c) may be measured by the reasonable fees and expenses incurred while both defending against frivolous

claims and pursuing Rule 11 sanctions."); *Hickey v. Scott*, 738 F. Supp. 2d 55, 74 (D.D.C. 2010) (requiring sanctioned party to pay the "reasonable attorney's fees" incurred by the opposing party in defending against the sanctionable claims and moving for Rule 11 sanctions).

- A permanent injunction prohibiting YMTC from filing another lawsuit in federal district court arising from the same facts alleged in this action and the California Action. *See, e.g.*, *United States ex rel. Odish*, 843 F. App'x 748, 750 (6th Cir. 2021) (affirming district court order prohibiting party from making any further filings in the action and collecting cases in which appellate courts affirmed sanctions enjoining future litigation regarding the same vexatiously litigated claims).[8]

Both an award of costs and fees and a permanent injunction prohibiting YMTC from attempting to pursue further litigation against Defendants based on the same facts are necessary for deterrence. As the House Select Committee recognized, a key aspect of the lawfare of which YMTC's attacks on Defendants are a part is the use of an "army of attorneys funded by seemingly unlimited budgets." Tr. at 3. Without significant financial sanctions and an order operating against YMTC itself, there is no reason to believe that YMTC and others like it will cease similar misconduct rather than simply ignoring another judgment against them and initiating yet another lawsuit against Defendants.

Defendants respectfully request that if the Court agrees that sanctions are appropriate under Rule 11, the Court's inherent authority, or both, the Court order additional briefing on the

---

[8] This action should also, of course, be dismissed on other grounds, including for lack of personal jurisdiction over Defendants on the basis of issue preclusion, as discussed herein and in Defendants' motion to dismiss. However, Defendants do not take a position on whether the dismissal should itself be characterized as a sanction.

appropriate sanctions and the amounts of any monetary awards. *See, e.g.*, *In re Nat'l Student Mktg. Litig.*, 78 F.R.D. 726, 731 & n.17 (D.D.C. 1978) (granting motion for sanctions and determining that award of attorneys' fees was warranted, but deferring determination of amount, which would follow supplemental briefing and submissions of itemized accountings), *aff'd sub nom. Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178 (D.C. Cir. 1978); *US Dominion, Inc. v. MyPillow, Inc.*, 1:21-cv-445-CJN, 2022 WL 1597420, at *14–15 (D.D.C. May 19, 2022) (Nichols, J.) (granting in part motion for sanctions, ordering sanctioned party "to pay some of the fees and costs [the defendant] has incurred defending itself and moving for sanctions," and ordering supplemental briefs "discussing the appropriate amount of costs in light of this decision").

## V.    **CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' motion for sanctions against YMTC and its counsel.

Respectfully submitted,

*/s/ Michael L. Resch*
Michael L. Resch (D.C. Bar #481402)
*mresch@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Dale Giali (D.C. Bar #436514)
*dgiali@kslaw.com*
Lena T. Colin (*pro hac vice application forthcoming*)
*lcolin@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600

Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
January 15, 2026                    Strand Consult ApS and Roslyn Layton

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 15, 2026, Defendants' Motion for Sanctions and the Memorandum of Law in Support of Defendants' Motion for Sanctions was served on Plaintiffs and their counsel via e-mail and personal service to Plaintiffs' counsel as follows:

Robert M. Schwartz
*robertschwartz@quinnemanuel.com*
Aaron Perahia
*aaronperahia@quinnemanuel.com*
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

David E. Eiseman
*davideiseman@quinnemanuel.com*
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Evan Pearson
*evanpearson@quinnemanuel.com*
300 West Sixth Street, Suite 2010
Austin, Texas 78701-3901
Telephone: (737) 667-6100
Facsimile: (737) 667-6200

David Needham
*davidneedham@quinnemanuel.com*
1300 I Street NW
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100


DATED: January 15, 2026

                                                  */s/ Michael L. Resch*
                                                  Michael L. Resch (D.C. Bar #481402)
                                                  KING & SPALDING LLP