**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

YANGTZE MEMORY TECHNOLOGIES
CO., LTD. and YANGTZE MEMORY
TECHNOLOGIES, INC.,

                Plaintiffs,

v.

STRAND CONSULT ApS (d/b/a CHINA
TECH THREAT) and ROSLYN LAYTON,

                Defendants.

Case No. 25-cv-3554-CJN

## <u>JOINT MOTION FOR EXTENSION OF TIME</u>

The parties hereby move the Court to enter an order in the form attached hereto for an extension of time to respond to Defendants' motion for sanctions. ECF 23. In support, the parties assert as follows:

1.      On October 3, 2025, Plaintiffs filed the Complaint against Defendants.

2.      On December 12, 2025, Defendants served Plaintiffs with a notice under Fed. R. Civ. P. 11(c)(2). On December 29, 2025, the Court granted the parties' December 23, 2025 joint motion for a 10-day extension of the Rule 11(c)(2) period.

3.      On January 15, 2026, Defendants filed a motion to dismiss and a motion for sanctions against Plaintiffs. ECFs 22-23.

4.      On January 26, 2026, the Court granted the parties' joint motion for an extension of time to respond to the motion to dismiss, making the opposition due on March 16, 2026 and the reply due on April 6, 2026.

5.      Plaintiffs' opposition to the motion for sanctions is currently due on January 29,

2026 and Defendants' reply is currently due on February 5, 2026.  Local Rule 7(b), (d).

6.  On January 23, 2026, Plaintiffs contacted Defendants to discuss whether they would be amenable to an extension of time for Plaintiffs' opposition and Defendants' reply to the motion for sanctions.  On January 26, 2026, Plaintiffs and Defendants stipulated to a 45-day extension for Plaintiffs' opposition and a 14-day extension for Defendants' reply, which would align the briefing schedule for the motion for sanctions with the briefing schedule for the motion to dismiss.

7.  Accordingly, Plaintiffs respectfully seek a 45-day extension to oppose Defendants' motion for sanctions, and Defendants respectfully seek a 14-day extension for their reply in support of the motion.

8.  In conformity with Rule 9(b) of this Court's Standing Order (ECF 6), the parties assert as follows:

    a.  The original deadlines that this motion seeks to extend are January 29, 2026 (for the opposition) and February 5, 2026 (for the reply).

    b.  Neither Plaintiffs nor Defendants have requested or been granted an extension of time to oppose or reply to the motion for sanctions.

    c.  Good cause exists for the extension.  Without an extension, Plaintiffs would only have 14 days to respond to the motion.  Extra time would allow Plaintiffs a more fulsome opportunity to respond without impacting any further deadlines unrelated to the motion.  The extension also promotes efficient case management by allowing the briefing on the motion to occur together with briefing on the related motion to dismiss.  There is further good cause for an extension because Plaintiffs have briefing deadlines in several other cases,

neither Defendant opposes the proposed briefing schedule, and the schedule was reached jointly by all parties, including for the extension for Defendants' reply brief.

d. Granting the extension would extend only the opposition and reply deadlines related to Defendants' motion for sanctions.  It will not affect any other case deadlines, which only include the time to respond to the motion to dismiss.

e. The parties suggest the new deadline for Plaintiffs' opposition to the motion for sanctions be March 16, 2026, and the new deadline for Defendants' reply be April 6, 2026.

f. As outlined above, the parties file this motion jointly and have stipulated to the suggested deadlines herein.

9. The parties therefore respectfully request that the Court grant this motion for an extension and adopt an order in the form attached hereto so Plaintiffs' opposition to the motion for sanctions be due on March 16, 2026 and Defendants' reply be due on April 6, 2026.

Dated: January 26, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ *David Needham*
David Needham (D.C. Bar No. 1017372)
Jaime López (D.C. Bar No. 90018012)
555 13th Street NW, Suite 600
Washington, D.C. 20004
(202) 538-8000
davidneedham@quinnemanuel.com
jaimelopez@quinnemanuel.com

Robert Schwartz (D.C. Bar No. 412049)
Aaron Perahia (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000
robertschwartz@quinnemanuel.com
aaronperahia@quinnemanuel.com

David Eiseman (*pro hac vice*)
50 California Street, 22nd Floor
San Francisco, California 94111-4788
(415) 875-6600
davideiseman@quinnemanuel.com

Evan Pearson (*pro hac vice*)
300 West Sixth Street, Suite 2010
Austin, Texas 78701-3901
(737) 667-6100
evanpearson@quinnemanuel.com

*Attorneys for Plaintiffs Yangtze Memory Technologies, Inc. and Yangtze Memory Technologies Co., Ltd.*


KING & SPALDING LLP

*/s/ Michael L. Resch*
Michael L. Resch (D.C. Bar 481402)
*mresch@kslaw.com*
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200

4

Facsimile: (415) 318-1300

Dale Giali (D.C. Bar 436514)
*dgiali@kslaw.com*
Lena T. Colin (*pro hac vice forthcoming*)
*lcolin@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Defendants Strand
Consult and Roslyn Layton*