# EXHIBIT 1

Michael L. Resch (SBN 202909)
*mresch@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: (415) 318-1200
Facsimile: (415) 318-1300

Dale Giali (SBN 150382)
*dgiali@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Attorneys for Defendants*
STRAND CONSULT AND ROSLYN LAYTON

UNITED STATES DISTRICT COURT

NORTHERN DIVISION OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YANGTZE MEMORY TECHNOLOGIES COMPANY, LTD. AND YANGTZE MEMORY TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STRAND CONSULT, ROSLYN LAYTON, AND DCI GROUP AZ LLC, <br><br> Defendants. | Case No. 5:24-cv-03454-NW <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER ACTION TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** <br><br> Date: September 3, 2025 <br> Time: 9:00 am <br> Location: Courtroom 3, 5th Floor <br> Judge: The Hon. Noël Wise <br><br> FAC: November 17, 2024 <br> Trial Date: March 22, 2027 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................................... 1

II.    BACKGROUND .................................................................................................................. 2

III.    ARGUMENT ....................................................................................................................... 2

    A.    The District of Columbia Is Not a District in Which This Action "Might Have Been Brought" At the Time It Was Commenced ................................................................. 2

    B.    Litigation in the United States Is Not Convenient ......................................................... 5

IV.    CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axiom Foods v. Acerchem Int'l, Inc.*,
    874 F.3d 1064, 1070 (9th Cir. 2017)..................................................................................... 1

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
    11 F.4th 972 (9th Cir. 2021) ................................................................................................ 3

*In re Bozic*,
    888 F.3d 1048 (9th Cir. 2018).............................................................................................. 3

*Briskin v. Shopify, Inc.*,
    135 F.4th 739 (9th Cir. 2025) (en banc) ........................................................................... 3, 4

*Hoffman v. Blaski*,
    363 U.S. 335 (1960).......................................................................................................... 1, 3

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000)........................................................................................... 3, 6, 7

*Lewis v. Mutond*,
    62 F.4th 587 (D.C. Cir. 2023) ............................................................................................. 1

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987)................................................................................................ 8

*Orbital Australia Pty Ltd v. Daimler AG*,
    No. 3:14-cv-808, 2015 WL 4042178 (E.D. Va. July 1, 2015).............................................. 3

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)............................................................................................................. 6

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)............................................................................................................... 6

*Strigliabotti v. Franklin Res., Inc.*,
    No. C-0883-SI, 2004 WL 2254556 (N.D. Cal. Oct. 5, 2004)............................................... 8

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)............................................................................................................. 6

*Walden v. Fiore*,
    571 U.S. 277 (2014)............................................................................................................. 4

*Yangtze Memory Techs., Inc. v. Micron Tech., Inc.*,
    No. 25-cv-1795 (D.D.C.), Dkt. 1 ......................................................................................... 2

*Ziegler v. Indian River Cnty.,*
    64 F.3d 470 (9th Cir. 1995).................................................................................................. 4, 5

**Statutes**

28 U.S.C. § 1404 .............................................................................................................. 2, 3, 4, 6, 7

**Court Rules**

Fed. R. Civ. P. 4(k)(2)........................................................................................................ 1, 3, 4, 6

## I.      INTRODUCTION

As the Court already has ruled, this dispute is between a Chinese company and two citizens of Denmark. Dkt. 81. All parties (now) agree that the case does not belong in this Court. *See* Dkt. 91 (Plaintiffs' motion to transfer); Dkt. 92 (Defendants' motion to dismiss for *forum non conveniens*). All parties also (now) agree that the Court need not and should not focus on Plaintiffs' motion for reconsideration of the May 20, 2025, order (Dkt. 81) regarding personal jurisdiction over Defendants Layton and Strand Consult (Dkt. 87, 88). *See* Dkt. 91 at 4–5; Dkt. 92 at 4.

But the only way this Court can forego the reconsideration of its prior order is by granting Defendants' motion to dismiss for *forum non conveniens*. Dkt. 92. As discussed in that motion, the Court need only find again that there is a "substantial burden on the Denmark domiciled Defendants to litigate in this forum" and "an alternate forum is available in Denmark," Dkt. 81 at 14 n.3. If it does, the Court can, and should, grant Defendants' motion and allow Plaintiffs to bring claims in Denmark.

Granting Plaintiffs' motion to transfer to D.C. would require far more analysis by the Court, including the reversal of several of its previous determinations. To transfer a case, a court must *first* decide whether personal jurisdiction existed in the transferee court when the action was commenced. *See Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960). And to determine whether the D.C. court would have had personal jurisdiction over Defendants requires an assessment of *nationwide contacts* under Rule 4(k)(2). *See, e.g.*, *Lewis v. Mutond*, 62 F.4th 587, 591 (D.C. Cir. 2023) (Rule 4(k)(2) permits jurisdiction over foreign defendants if they have sufficient "affiliating contacts with the United States" (cleaned up)). That is the *same analysis* that this Court conducted to find that there is *no* personal jurisdiction over Defendants. *See* Dkt. 81 at 10 (holding that to find jurisdiction over Strand Consult and Layton, the Court "considers contacts with the nation as a whole" (quoting *Axiom Foods v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1072 (9th Cir. 2017))). Therefore, to find jurisdiction in D.C. and transfer this case, the Court would need to reconsider its prior holding that there is no personal jurisdiction over Defendants "based on their nationwide contacts." Dkt. 81 at 15.

This Court need not do so. As explained in the motion to dismiss for *forum non conveniens*

and herein, this case against Layton and Strand Consult does not belong in the United States. Moreover, even if Plaintiffs *had* shown minimum contacts, the exercise of personal jurisdiction over Defendants would be unreasonable. Again, the Court has already correctly held that "exercising jurisdiction over Strand Consult and Layton" would "be unreasonable because, inter alia, Defendants had limited personal interjections into the forum" and it would impose a "substantial burden on the Denmark domiciled Defendants to litigate in this forum." *Id.* at 14 n.3.

The Court should thus deny Plaintiffs' motion to transfer and let Plaintiffs bring claims in Denmark.

## II.    BACKGROUND

On May 20, 2025, this Court held that it lacked personal jurisdiction over DCI Group AZ, L.L.C., and dismissed Plaintiffs' claims against DCI without leave to amend. Dkt. 81 at 16. The Court also dismissed Plaintiffs' claims against Layton and Strand Consult for lack of personal jurisdiction and granted leave to amend. *Id.* On June 7, 2025, Plaintiffs filed an action in the District Court for the District of Columbia against DCI and for the first time named Plaintiffs' alleged competitor Micron Technology, Inc. as a defendant. *See Yangtze Memory Techs., Inc. v. Micron Tech., Inc.*, No. 25-cv-1795 (D.D.C.), Dkt. 1.

There are three interrelated motions pending before this Court, all of which are noticed for hearing on September 3, 2025. Plaintiffs seek reconsideration of the May 20 order regarding personal jurisdiction over Layton and Strand Consult. Dkt. 88. In their opposition to that motion, Defendants informed the Court that they were preparing to move to dismiss on grounds of *forum non conveniens*. Dkt. 89 at 1. Plaintiffs then filed the instant motion to transfer this case to the District Court for the District of Columbia, citing their desire to consolidate their two lawsuits. Dkt. 91 at 1. Defendants filed their motion to dismiss for *forum non conveniens* on July 30, 2025. Dkt. 92.

## III.    ARGUMENT

### A.    The District of Columbia Is Not a District in Which This Action "Might Have Been Brought" At the Time It Was Commenced

Section 1404 permits the Court to transfer an action to a district "where it might have been

brought." 28 U.S.C. § 1404(a). It is Plaintiffs' burden to prove that their newly preferred district, D.C., is one where this action "might have been brought." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). In particular, Plaintiffs must prove that this action "might have been brought" in D.C. at the time it was commenced here—that is, to prevail on their motion, Plaintiffs must demonstrate that the D.C. court would have had personal jurisdiction over Defendants without regard to "the wish or waiver of the defendant." *Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960); *see also In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (holding that the category of districts where an action might have been brought "cannot be expanded by Defendants").

Plaintiffs must therefore prove that the D.C. court would have had personal jurisdiction over Defendants when this action commenced, *i.e.*, *prior* to the time a motion to dismiss was filed in this case and *prior* to the actions that Plaintiffs now allege show that Defendants consented to jurisdiction in this Court. *Contra* Dkt. 91 at 6 (suggesting that the Court need not assess personal jurisdiction).[1] All of this conflicts with Plaintiffs' argument, *see* Dkt. 91 at 4–5, that the Court can grant their motion without reversing its well-reasoned May 20, 2025, determination that it lacks personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2), *see* Dkt. 81 at 9–15 & n.3. On the contrary, to prevail on their transfer motion, Plaintiffs must (1) demonstrate that Defendants have at least minimum contacts with the United States, and (2) rebut any showing by Defendants that the exercise of jurisdiction would be unreasonable. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972 (9th Cir. 2021); *Briskin v. Shopify, Inc.*, 135 F.4th 739, 751–52 (9th Cir. 2025) (en banc).

The D.C. court lacks personal jurisdiction over Defendants for two independently sufficient reasons. First, Defendants do not have minimum contacts with the United States, as this Court has

---

[1] Plaintiffs' sole legal authority contradicts their theory that Defendants have "consented to jurisdiction," which, in turn, is the lynchpin to their transfer motion argument that it is a foregone conclusion that this action could have been brought in D.C. Dkt. 91 at 6. In *Orbital Australia Pty Ltd v. Daimler AG*, No. 3-14-cv-808, 2015 WL 4042178, at *2 (E.D. Va. July 1, 2015), the court correctly held that "consent" to jurisdiction "cannot retroactively render [the proposed transferee forum] a forum where the claim *could* have been brought *ab initio*." (emphasis in original). The portion of the decision upon which Plaintiffs attempt to rely explains that where Federal Rule of Civil Procedure 4(k)(2) is involved, the court must consider its application at the commencement of the suit; a defendant cannot render it inapplicable by subsequently consenting to jurisdiction. So, *if* the exercise of personal jurisdiction had been proper under Rule 4(k)(2) at the outset, then the plaintiff could have sued the defendant in any district. *Orbital*, 2015 WL 4042178, at *5.

already determined. Second, in any event, the exercise of jurisdiction would be unreasonable. Therefore, D.C. is not a district in which this action "might have been brought" and Plaintiffs' motion fails at the threshold. 28 U.S.C. § 1404.

Plaintiffs do not contend that Defendants are subject to general personal jurisdiction. To establish specific personal jurisdiction, Plaintiffs must show that Defendants "purposefully avail[ed]" themselves of the forum (here, for purposes of Rule 4(k)(2), the United States) and that Plaintiffs' claims "arise[] out of" Defendants' forum-related activities. *Briskin*, 135 F.4th at 751–52. The elements of purposeful availment are "(1) intentional action; (2) aimed at the forum state; and (3) causing harm that the defendant should have anticipated would be suffered in the forum …." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 474 (9th Cir. 1995). The Court's focus must be on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). "[C]ontacts between the plaintiff (or third parties) and the forum" do not satisfy "the defendant-focused 'minimum contacts' inquiry." *Id.*

As this Court held already, Plaintiffs have failed to plausibly allege that Defendants caused harm that Defendants "should have anticipated would be suffered" in the United States. *See* Dkt. 81 at 13–14. Plaintiffs "did not support their claims with any articles in which Defendants discussed or mentioned YMT–USA, [so] it is difficult to understand how [Defendants] could have anticipated harms that would be suffered in [the United States], as opposed to in China, which was the primary subject of Defendants' articles on their website." Dkt. 81 at 8; *see also id.* at 14 ("Plaintiffs have not alleged facts showing harm specifically to YMT–USA"). The arguments of Plaintiffs' counsel in their briefs cannot make up for missing allegations. Nor do conclusory allegations—for example, that Defendants' conduct "foreseeably harmed YMT Inc.'s business relationships," Dkt. 50 ¶ 28—suffice in the absence of any alleged *facts*. As this Court found earlier, Plaintiffs do not "allege that YMT–USA had a relationship to Apple—the subject of the article Plaintiffs primarily rely upon," much less that Defendants were aware of any such relationship and could therefore have foreseen harm to it. Dkt. 81 at 9. Even now, Plaintiffs argue that Defendants intended "to pressure Apple … to terminate its relationship with *YMTC*," Dkt. 91 at 11 (emphasis added), but have no explanation

for how their allegations plausibly show that Defendants "intended to cause *YMT Inc.* to lose sales," *id.* (emphasis added). The vague allegation that YMT Inc. is how the Chinese entity "maintains its ties to Silicon Valley," Dkt. 50 ¶ 34, does nothing to illuminate any relationship between Defendants' conduct and the United States.

Plaintiffs have also failed to plausibly allege that their claims arise out of Defendants' forum-related conduct. *See* Dkt. 81 at 14; *Ziegler*, 64 F.3d at 474. Plaintiffs do not address this required element of specific jurisdiction. *See generally* Dkt. 91. But even if Plaintiffs' "foreseeable harm" arguments are construed as related to this element, they fail. Plaintiffs have not alleged any harm specifically caused in the United States, nor that the California entity had a relationship with Apple, nor that Apple in fact terminated whatever relationship it may have had with either of the Plaintiffs. *See* Dkt. 81 at 9, 14. Because "Plaintiffs specifically allege harms incurred by YMTC, which is based in China, but do not connect the harms to YMT–USA or the forum," they have not shown that their claims "arise out of Defendants' forum-related activities." *Id.* at 14.

In addition, even if Plaintiffs *could* satisfy the minimum-contacts requirement (which they cannot), the exercise of jurisdiction over the Denmark-based Defendants would be unreasonable, as this Court already found:

> Even if the Court were to analyze the reasonableness of exercising jurisdiction over Strand Consult and Layton, the Court would find it to be unreasonable because, inter alia, Defendants had limited personal interjections into the forum; the substantial burden on the Denmark domiciled Defendants to litigate in this forum; and the fact that an alternate forum is available in Denmark.

Dkt. 81 at 14 n.3. And as Defendants explain in their motion to dismiss for *forum non conveniens*, Dkt. 92—and as further explained below—litigation in the United States would impose substantial burdens upon them and the alleged conduct occurred in Denmark, leaving the United States with little interest in this dispute. For this reason, too, Plaintiffs' motion to transfer fails.

### B.    Litigation in the United States Is Not Convenient

Even if Plaintiffs' motion to transfer passed the threshold requirement of establishing that this action could have been brought in D.C. (it does not), the Court should exercise its discretion to deny the motion—including because granting Defendants' *forum non conveniens* motion is consistent with the law, the facts, and the Court's prior determinations. As explained in Defendants'

*forum non conveniens* motion, the action against them should have been filed, if at all, in Denmark rather than in this district. *See generally* Dkt. 92. The Court can and should "dispose of [this] action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction," because such dismissal is warranted by "considerations of convenience, fairness, and judicial economy." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Of particular significance here, granting Defendants' motion would *not* require the Court to rule on the issue of personal jurisdiction raised by Plaintiffs' reconsideration motion (Dkt. 88). By contrast, as explained above, Plaintiffs' motion for transfer requires the Court not only to reconsider personal jurisdiction pursuant to Rule 4(k)(2), but also to reach the opposite of its previous determination of that issue, *see* Dkt. 81 at 9–15. Of the two paths available to the Court, Defendants' motion provides the clearly better option.

Consideration of the equities only reinforces that conclusion because transfer would not promote convenience and the interest of justice. Under Section 1404(a), the district court has discretion to decide a motion for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The Court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Those factors include the location where relevant conduct occurred, the parties' contacts relating to the plaintiffs' claims in the proposed forum, the convenience of the parties and witnesses, and the plaintiffs' choice of forum. *Jones*, 211 F.3d at 498–99; 28 U.S.C. § 1404(a).

The balance of factors weighs against transfer to any district in the United States (and in favor of dismissal on *forum non conveniens* grounds). Plaintiffs' arguments based on their new action in D.C. do not change that outcome.

The main thrust of Plaintiffs' arguments in favor of transfer is the notion that the only sensible way they can proceed with the claims in this action is by combining them with the claims in their D.C. action. But the chaos referenced by Plaintiffs is of their own making. Plaintiffs initially chose to sue Layton and Strand Consult—and only Layton and Strand Consult—here in the Northern District of California, knowing that Strand Consult is domiciled in Denmark and allegedly

believing Layton to be domiciled in Florida (which she is not, *see* Dkt. 81 at 9). *See* Dkt. 1 ¶¶ 11–12, 19.[2] Plaintiffs now assert that it is their "overarching goal to have their claims tried in a single forum, and there has been a change in circumstances such that this is no longer possible in the Northern District of California," referring to this Court's lack of personal jurisdiction over DCI. Dkt. 91 at 13. Such an argument, however, does not address the impact on Layton and Strand Consult of proceeding with litigation in the United States.

The basic inquiry for the Court on a Section 1404 motion is whether transfer would serve both the "convenience" of the parties and witnesses and the interest of justice. *Jones*, 211 F.3d at 498–99. In this case, the question is whether it would be more convenient and more in keeping with the interest of justice to litigate Plaintiffs' claims in the United States or in Denmark. As set forth in Defendants' *forum non conveniens* motion and the declarations submitted in support of that motion, if Defendants were required to travel to the United States for litigation, that would impose substantial burdens upon them and Layton and John Strand's family. In particular, because Layton and John Strand (as CEO of Strand Consult) are both likely to be witnesses, they would have to arrange expensive around-the-clock childcare for their three school-aged children. *See* Dkt. 92 at 8; Dkt. 92-3 (Strand Decl.) ¶ 19; Dkt. 92-4 (Layton Decl.) ¶ 10. Those burdens would apply equally to litigation anywhere in the United States. The inconvenience of producing evidence from persons in Denmark for use in a U.S. proceeding and the issue of the potential enforceability of any judgment apply no matter where in the United States this case would proceed. *See* Dkt. 92 at 9–10.

Furthermore, Defendants' evidence in support of the motion to dismiss on grounds of *forum non conveniens* establishes that *none* of Defendants' work on the publications that are the basis of Plaintiffs' claims took place in the United States; instead, Defendants completed that work while in Denmark on computers owned by the Denmark-based Strand Consult. *See* Dkt. 92 at 9; Dkt. 92-3 ¶¶ 11–18; Dkt. 92-4 ¶¶ 3–9. Because Defendants' alleged conduct occurred in Denmark—not *any* U.S. district—no district in the United States has a significant local interest in this action, much less one that outweighs Denmark's interest in the claims against its citizens for their conduct in

---

[2] As Defendants have already argued, Plaintiffs' suit against them appears to be part of a trend of Chinese companies attempting to use the U.S. judicial process to intimidate their critics. See Dkt. 39 at 2.

Denmark.

Finally, as Plaintiffs concede, limited deference is due to their choice of a *changed* venue. Dkt. 91 at 12. That already-limited deference is reduced even further in these circumstances. In considering a motion to transfer, "consideration must be given to the extent of [all parties] contacts' with the forum, including those relating to [the plaintiff's] cause of action. If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's choice] is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (internal citation omitted). For the reasons just explained, the operative allegations from which Plaintiffs' claims arise concern conduct that took place in Denmark, not the United States. Plaintiffs' choice of a district in which no party resides also means that their choice of forum "may be given considerably less weight." *Strigliabotti v. Franklin Res., Inc.*, No. C-0883-SI, 2004 WL 2254556, at *3 (N.D. Cal. Oct. 5, 2004).

**IV.     CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion to transfer and instead grant Defendants' motion to dismiss for *forum non conveniens*.

Dated: August 4, 2025                                        KING & SPALDING LLP

By:  */s/ Michael L. Resch*
        Michael L. Resch
        Dale Giali

        *Attorneys for Defendants*
        Strand Consult and Roslyn Layton